FILED

NOT FOR PUBLICATION

MAY 12 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENEE STEPHENS, | No. 13-35426 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00736-MO |
| v. | |
| NIKE, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted April 27, 2015[**]

Before:     GOODWIN, LEAVY, and BYBEE, Circuit Judges.

Renee Stephens appeals pro se from the district court's summary judgment

in his employment action alleging violations of Title VII and other federal and

state laws.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo,

*Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 845 (9th Cir. 2004)*,* and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we affirm.

The district court properly granted summary judgment on Stephens's federal race discrimination claims because Stephens failed to raise a genuine dispute of material fact as to whether the relevant decision maker was aware of his race or whether defendant continued to seek applications from other similarly qualified individuals outside the protected class. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (setting forth elements of a prima facie failure to hire employment discrimination claim under Title VII); *Fonseca*, 374 F.3d at 850 (discrimination claims under Title VII and § 1981 share the same legal standards); *Lowe v. City of Monrovia*, 775 F.2d 998, 1005 (9th Cir. 1985), *amended by* 784 F.2d 1407 (9th Cir. 1986) (for a failure to hire claim under Title VII, "a plaintiff must offer evidence that give[s] rise to an inference of unlawful discrimination" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on the federal retaliation claims that were not barred by res judicata, because Stephens failed to raise a genuine dispute of material fact as to whether the relevant decision maker was aware of his protected activity. *See Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013) (setting forth elements of a prima facie retaliation claim under Title VII); *Raad v. Fairbanks N. Star Borough Sch.*

*Dist.*, 323 F.3d 1185, 1197-98 (9th Cir. 2003) (decision maker's knowledge of protected activity necessary for causation); *Manatt v. Bank of Am., NA*, 339 F.3d 792, 801 (9th Cir. 2003) (retaliation claims under Title VII and § 1981 share the same legal standards).

The district court did not abuse its discretion by denying Stephens's motion for reconsideration under Federal Rule of Civil Procedure 59(e) because Stephens did not establish any ground warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (explaining that "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

We do not address matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**